## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Mark Miller,
Russell D. Miller, and
a 1991 Pontiac Grand Am Automobile

August 12, 1993

Case No. (Law) 14524

BY JUDGE THOMAS D. HORNE

This case involves a forfeiture proceeding instituted by the Commonwealth pursuant to Chapter 22.1 of Title 19.2 of the Code of Virginia. At issue is a 1991 Pontiac Grand Am automobile alleged to have been used in connection with the illegal distribution of marijuana. The evidence shows that in October of 1992, the vehicle was driven by the son of the titled owner to a school parking lot where an occupant of the Pontiac distributed a small amount of marijuana to an undercover agent. At the time of such distribution, the owner, Russell D. Miller, did not know, and had no reason to know, of such unlawful use. Subsequent to such unlawful use, but prior to the institution of the instant proceedings Russell Miller transferred the vehicle to his wife, Kirsten Miller. The evidence shows that Mrs. Miller had no knowledge or reason to known of the unlawful use to which the vehicle had been put in October of 1992. At the time of the transfer, Mr. and Mrs. Miller, although married, were living separate and apart from each other.

The case came to be heard July 16, 1993, on the motion of Russell Miller and Kirsten Miller to dismiss the present forfeiture proceeding and to have the seized property returned. For the reasons hereinafter stated, the motion will be granted.

The Commonwealth seeks the forfeiture of the 1991 Pontiac Grand Am Automobile seized pursuant to Virginia Code Section 18.2–249. The movants claim they are entitled to have the automobile returned

because they were innocent of any wrongdoing and are therefore entitled to relief pursuant to Section 19.2–386.8 of the Code of Virginia.

The Commonwealth met its burden under Code Section 19.2–386.10 of proving the property is subject to forfeiture. The burden then shifted to the Millers to prove by a preponderance of the evidence that their interest in the automobile is exempt from forfeiture under Code Section 19.2–386.8. The relevant portion of that statute provides that:

> No owner's interest may be forfeited under this chapter if the court finds that:
>
> a. He did not know and had no reason to know of the conduct giving rise to forfeiture;
>
> b. He was a bona fide purchaser for value without notice; and
>
> c. The conduct giving rise to forfeiture occurred without his connivance or consent, express or implied.

Section 19.2–386.8(3), Code of Virginia, as amended.

In addition, the last paragraph of Code Section 19.2–386.8 provides that:

> In the event the interest has been sold to a bona fide purchaser for value in order to avoid the provisions of this chapter, the Commonwealth shall have a right of action against the seller of the property for the proceeds of the sale.

These provisions clearly reflect an attempt on the part of the General Assembly to ameliorate the harsh effects of existing case law that looked to the date of wrongdoing to deprive innocent owners and subsequent, and yet innocent, purchasers for value of their rights to such property.

The Supreme Court of Virginia in *Tri-Pharmacy, Inc. v. United States*, 203 Va. 723 (1962), held that a forfeiture declared by Virginia Code Section 18.1–341 took effect at the time of seizure during the execution of a valid search warrant. Accordingly, the forfeiture was held to take precedence over a subsequent jeopardy assessment of the Internal Revenue Service made subsequent to the date of the execution of the warrant but prior to the declaration of forfeiture. The Court cited with approval *United States v. Stowell*, 133 U.S. 1, 10 S. Ct. 244 (1890), an information proceeding for the forfeiture of property used in illegal distilling operations, wherein the United States Supreme Court stated:

> By the settled doctrine of this court, whenever a statute enacts that upon the commission of a certain act specific property used in or connected with that act shall be forfeited, *the forfeiture takes effect immediately upon the commission of the act; the right to the property then vests in the United States, although their title is not perfected until judicial condemnation*; the forfeiture constitutes a statutory transfer of the right to the United States at the time the offense is committed, *and the condemnation, when obtained, relates back to that time, and avoids all intermediate sales and alienations, even to purchasers in good faith* (emphasis added).

Russell Miller was the innocent owner of the vehicle at the time of the offense giving rise to the forfeiture. His property rights in the vehicle must be determined as of the date of such act. In that he was an innocent owner, he was free to transfer whatever interest he had in the vehicle. Mrs. Miller acquired that interest. In the context of these proceedings, it is irrelevant how she acquired that interest. This is not an instance where a bona fide purchaser may have acquired a vehicle otherwise subject to forfeiture. In such an event the recourse of the Commonwealth would be against the seller.

In October, 1992 when the drug transaction giving rise to the present forfeiture proceeding occurred, Russell D. Miller was the title owner of the automobile. Virginia Code Section 46.2–600 requires that the owner of a motor vehicle secure registration and a certificate of title reflecting the name and address of the owner of the motor vehicle. A presumption exists that the title owner of a vehicle is the true owner. The cases relied upon by the Commonwealth to support their claim of ownership in Mark Miller, are inapposite to the instant case. Russell Miller had not given the vehicle to his son, nor did he not use it himself. This is not a situation where a straw man has been set up to disguise illegal drug dealing or escape forfeiture. *United States v. One 1981 Datsun ZX*, 563 F. Supp. 470 (E.D. Pa. 1983); *United States v. One 1982 Porsche*, 732 F. Supp. 447 (S.D. N.Y. 1990).

Russell Miller submitted evidence showing he purchased the automobile in question. Further, Mr. Miller paid for all maintenance for the vehicle, as well as the taxes, tags and insurance until January, 1993, when he transferred ownership of the vehicle to Kirsten Miller. Clearly, Mr. Miller did not know, nor did he have any reason to know,

of the sale of drugs occurring in the automobile. Furthermore, Mr. Miller did not consent to such activities taking place in the vehicle.

The evidence merely showed that Mark Miller drove the vehicle with the consent of his parents. His parents could withdraw consent at any time. Russell Miller provided the automobile for Mark's use so that he would have transportation to school and to work. However, Russell Miller, and later Kirsten Miller, exercised dominion and control over the automobile and when Mark could drive the vehicle.

Having found that Russell Miller was owner of the vehicle at the time of the offense giving rise to the forfeiture and that he is entitled to exemption from forfeiture pursuant to Section 19.2–386.8(3), he was free to transfer his property interest to his wife. The Court finds that Kirsten Miller is presently the owner of the vehicle and that it should be returned to her.

While counsel for the Millers has argued the applicability of the recent case of *Austin v. United States*, — U.S. — (1993) (slip opinion June 28, 1993, No. 92–6073), to the instant proceeding, the Court need not address the possible bar of the Eighth Amendment of the United States Constitution in light of its ruling as to applicability of the statutory exemptions.

The Commonwealth will return the automobile to Kirsten Miller forthwith.